## VAN METRE HOLDING CO. et al. v. DIXON.

### No. 870.

District Court, E. D. South Carolina.

May 6, 1938.

Robinson & Robinson, of Columbia, S. C., for plaintiffs.

Sloan & Sloan and W. C. Boyd, Jr., all of Columbia, S. C., for defendant.

MYERS, District Judge.

This bill in equity instituted in this court on the 19th day of February, 1936, asks the court to adjust the difference between the plaintiffs and the receiver of the National Loan & Exchange Bank of Columbia, S. C., growing out of notes of the late James M. Van Metre.

It appears that at the time of the closing of the National Loan & Exchange Bank the bank held three notes signed by James M. Van Metre, the first in the sum of $14,-150, dated October 12, 1932, endorsed by John S. Dunbar and Saluda V. Dunbar; the second note for the sum of $3,900, dated November 12, 1932, without endorsement, and the third note for the sum of $9500, dated October 30, 1932, without endorsement. Each of these notes on its face called for 8 per cent. interest before and after maturity.

The uncontradicted testimony of Burnell Sloan, now cashier of the First National Bank and for many years prior to the closing of the National Loan & Exchange Bank its cashier, was that the note of $14,150 represented indebtedness due to the bank by John S. Dunbar and Saluda V. Dunbar and was originally evidenced by a note signed by Mr. and Mrs. Dunbar and endorsed by James M. Van Metre; that, in order to make this note eligible for rediscount, the National Loan & Exchange Bank obtained the agreement of James M. Van Metre to sign the note as maker, with the endorsement of John S. Dunbar and Saluda V. Dunbar, and agreed in exchange to charge 6 per cent. interest on this note. This agreement was carried out by all of the parties and the interest rate of 6 per cent. was actually charged until the National Loan & Exchange Bank closed.

The plaintiffs ask that this 6 per cent. interest rate rather than the 8 per

cent. rate be used in computing the balance due on this note. It is the opinion of the court that the receiver steps into the shoes of the National Loan & Exchange Bank and takes its assets subject to all claims and defenses that might have been interposed as against the National Loan & Exchange Bank. Scott v. Armstrong, 146 U.S. 499, 13 S.Ct. 148, 36 L.Ed. 1059; Hampton Loan & Exchange Bank v. Lightsey, 155 S.C. 222, 152 S.E. 425. This will work equity between the parties and will carry out their actual intent.

The uncontradicted testimony of Mr. Sloan also establishes the fact that the interest rate actually charged and collected by the bank on the other two notes of $3,900 and $9,500, respectively, was 7 per cent. For the reasons set out above the indebtedness represented by these notes for the purposes of settlement shall be calculated at 7 per cent.

At the time the bank closed, John S. Dunbar, doing business as the Dunbar Funeral Home, had a deposit in the National Loan & Exchange Bank of $356.48. The plaintiffs ask that this be offset against the $14,150 note. Since this note was the primary obligation of John S. Dunbar and Saluda V. Dunbar to the knowledge of the National Loan & Exchange Bank, plaintiffs are entitled to this offset despite the fact that the names of Saluda V. Dunbar and John S. Dunbar appeared on the back of the notes since their signatures and that of Mr. James M. Van Metre were switched at the request of the National Loan & Exchange Bank. Ex parte Rice, 161 S.C. 77, 159 S.E. 492, 79 A.L.R. 123.

The remaining question in the case arises from the motion of C. H. Dixon, as receiver of the National Loan & Exchange Bank, to amend his answer. His amended answer sets out that in calculating the amount due by the plaintiffs he had overlooked an item of unpaid interest amounting to $566. Under the facts of the case the court is of opinion that he should be allowed to amend his answer to plead this unpaid item. The court is further of opinion that this unpaid interest item should be calculated at 6 per cent. since it was interest on the note of $14,150 and it should be allowed as an additional charge against the plaintiffs at the sum of $424.50, which represents the interest for the period omitted, calculated at 6 per cent.

The settlement therefore should be recalculated on the basis of these rulings and according to the attached statement. On the basis of this statement the plaintiffs are indebted to the defendant in the sum of $1,604.05, and upon the payment of that sum to the receiver of the National Loan & Exchange Bank he is authorized and directed to cancel the indebtedness of the plaintiffs to him and to deliver up all evidences of indebtedness and securities which he has.

It is further ordered that the costs in this case be equally divided between the parties.